```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

JENNIFER ALLARD,                  :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :   CASE NO. 3:11CV901(AWT)
                                  :
POST ROAD ENTERTAINMENT           :
ET AL.,                           :
                                  :
     Defendants.                  :
```

RULING ON MOTION TO COMPEL

The plaintiff brings this action individually and on behalf of other similarly-situated individuals under the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act. She alleges that while she was employed as a server at a Black Bear Saloon restaurant in Milford, the defendants regularly required her to work shifts for which they did not compensate her. The parties have engaged in preliminary discovery on issues of class certification. Pending before the court is the plaintiff's Motion to Compel, doc. #32.

Certification under the FLSA proceeds in two steps in this circuit. At the first step, a class may be conditionally certified where a plaintiff makes a "modest factual showing" that the putative class members were "victims of a common policy or plan that violated the law." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) (approving two-step test), cert. denied,

132 S. Ct. 368 (2011).  At the second step, a defendant may move to decertify the class if discovery reveals that the claimants are not similarly situated.  Id.  Alternatively, to obtain certification under Rule 23, it is the plaintiff's burden to establish that the action satisfies the numerosity, commonality, typicality and adequacy criteria of Rule 23(a) and fits into one of the three categories described in Rule 23(b).  See Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1437 (2010).

Here, in pre-certification discovery, the plaintiff requested the names, addresses and e-mail of every server and bartender employed at each of the seven Black Bear Saloon restaurants since June 23, 2008.  (See Pl.'s Mem., Ex. A at 9-10.)  She maintains that this information is necessary to present the class certification question to the court.  The defendants objected that the requests are overly broad, invasive of privacy and partly irrelevant because the plaintiff never worked as a bartender.  (See id.)  They also argue that the plaintiff's counsel is engaging in a so-called "fishing expedition" for clients.  Finally, citing the economy goals of collective and class actions, the defendants contend that the request for the full class list is premature.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain  discovery regarding any nonprivileged

2

matter that is relevant to any party's claim or defense."  A matter is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  During the pre-certification stage of both FLSA and Rule 23 actions, the district court has the discretion to permit discovery of the names and addresses of putative class members.  See Charles v. Nationwide Mut. Ins. Co., Inc., No. 09cv94, 2010 WL 7132173, at *3-5 (E.D.N.Y. May 27, 2010).

One district court in this circuit stated in 2006 that "[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification," Dziennik v. Sealift, Inc., No. 05cv4659, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) (in Rule 23 action, denying pre-certification discovery of unredacted employment contracts of putative plaintiffs where plaintiff did not demonstrate relevance).  See also Charles, No. 09cv94, 2010 WL 7132173, at *3-5 (in FLSA and Rule 23 action, denying pre-certification discovery of class list as premature).  In contrast, another court noted in 2010 that "[c]ourts in the Second Circuit have been progressively

3

more expansive regarding the extent of employee information they will order defendants to produce in FLSA collective actions, even at the pre-certification stage," Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 514 (S.D.N.Y. 2010) (in FLSA and Rule 23 action, ordering pre-certification discovery of names, addresses and telephone numbers of putative class members but not social security numbers).  A key distinction is that discovery of a putative class list is not improper where the plaintiff shows "a good faith need for employee contact information for the purpose of establishing the propriety of conditional certification."  Youngblood v. Family Dollar Stores, Inc., Nos. 09cv3176 et al., 2011 WL 1742109, at *3 (S.D.N.Y. January 05, 2011) (quoting Whitehorn v. Wolfgang's Steakhouse, Inc., No. 09cv1148, 2010 WL 2362981, at *2 n.2 (S.D.N.Y. June 14, 2010).

In this case, the plaintiff has a good faith need for the putative class list to enable her to define the class and identify similarly situated employees, and there are no legitimate grounds to limit the requests at issue.  The defendants' contention that pre-certification discovery should be confined only to servers employed at the Milford restaurant is not persuasive.  The record suggests that both servers and bartenders at several of the restaurants were subjected to the alleged practices, and discovery to ascertain whether the

4

plaintiff and these employees were similarly situated is appropriate.  See Hendricks v. J.P. Morgan Chase Bank, N.A., 263 F.R.D. 78, 83 (D. Conn. 2009) (for FLSA certification, "plaintiffs need show only that their job positions are similar, not identical, to the positions held by the putative class members" (internal quotation marks omitted)).  As for the defendants' privacy argument, discovery of names, addresses and e-mail is not extraordinarily invasive of the employees' privacy and any such burden does not outweigh the likely benefit.  See, e.g., Whitehorn v. Wolfgang's Steakhouse, Inc., No. 09cv1148, 2010 WL 2362981, at *3 (in FLSA and Rule 23 action, pre-certification disclosure of employee names, addresses, phone numbers and job positions did not implicate the sort of privacy interests associated with medical records or personal histories).

For these reasons, the plaintiff's Motion to Compel is granted.  The defendants shall respond to the plaintiff's interrogatories #3 and #4.  (See Pl.'s Mem., Ex. A at 9-10.)

SO ORDERED at Hartford, Connecticut this 20th day of March, 2012.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge