UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JENNIFER ALLARD,                    :
                                    :
        Plaintiff,                  :
                                    :
        v.                          :   CASE NO. 3:11CV901(AWT)
                                    :
POST ROAD ENTERTAINMENT             :
ET AL.,                             :
                                    :
        Defendants.                 :


RULING ON MOTION TO COMPEL

The plaintiff brings this action individually and on behalf of other similarly-situated individuals under the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act. She alleges that while she was employed as a server at a Black Bear Saloon restaurant in Milford, the defendants regularly required her to work shifts for which they did not compensate her. The parties have engaged in preliminary discovery on issues of class certification. Pending before the court is the plaintiff's Motion to Compel, doc. #32.

Certification under the FLSA proceeds in two steps in this circuit. At the first step, a class may be conditionally certified where a plaintiff makes a "modest factual showing" that the putative class members were "victims of a common policy or plan that violated the law." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) (approving two-step test), cert. denied,

132 S. Ct. 368 (2011).  At the second step, a defendant may move to decertify the class if discovery reveals that the claimants are not similarly situated.  Id.  Alternatively, to obtain certification under Rule 23, it is the plaintiff's burden to establish that the action satisfies the numerosity, commonality, typicality and adequacy criteria of Rule 23(a) and fits into one of the three categories described in Rule 23(b).  See Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1437 (2010).

Here, in pre-certification discovery, the plaintiff requested the names, addresses and e-mail of every server and bartender employed at each of the seven Black Bear Saloon restaurants since June 23, 2008. (See Pl.'s Mem., Ex. A at 9-10.)  She maintains that this information is necessary to present the class certification question to the court.  The defendants objected that the requests are overly broad, invasive of privacy and partly irrelevant because the plaintiff never worked as a bartender. (See id.)  They also argue that the plaintiff's counsel is engaging in a so-called "fishing expedition" for clients.  Finally, citing the economy goals of collective and class actions, the defendants contend that the request for the full class list is premature.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain  discovery regarding any nonprivileged

matter that is relevant to any party's claim or defense."  A
matter is relevant if it encompasses "any matter that bears on,
or that reasonably could lead to other matter that could bear
on, any issue that is or may be in the case." Oppenheimer Fund,
Inc. v. Sanders, 437 U.S. 340, 351 (1978).  During the pre-
certification stage of both FLSA and Rule 23 actions, the
district court has the discretion to permit discovery of the
names and addresses of putative class members.  See Charles v.
Nationwide Mut. Ins. Co., Inc., No. 09cv94, 2010 WL 7132173, at
*3-5 (E.D.N.Y. May 27, 2010).

     One district court in this circuit stated in 2006 that
"[c]ourts have ordinarily refused to allow discovery of class
members' identities at the pre-certification stage out of
concern that plaintiffs' attorneys may be seeking such
information to identify potential new clients, rather than to
establish the appropriateness of certification," Dziennik v.
Sealift, Inc., No. 05cv4659, 2006 WL 1455464, at *1 (E.D.N.Y.
May 23, 2006) (in Rule 23 action, denying pre-certification
discovery of unredacted employment contracts of putative
plaintiffs where plaintiff did not demonstrate relevance).  See
also Charles, No. 09cv94, 2010 WL 7132173, at *3-5 (in FLSA and
Rule 23 action, denying pre-certification discovery of class
list as premature).  In contrast, another court noted in 2010
that "[c]ourts in the Second Circuit have been progressively

                              3

more expansive regarding the extent of employee information they
will order defendants to produce in FLSA collective actions,
even at the pre-certification stage," Lin v. Benihana Nat'l
Corp., 755 F. Supp. 2d 504, 514 (S.D.N.Y. 2010) (in FLSA and
Rule 23 action, ordering pre-certification discovery of names,
addresses and telephone numbers of putative class members but
not social security numbers).  A key distinction is that
discovery of a putative class list is not improper where the
plaintiff shows "a good faith need for employee contact
information for the purpose of establishing the propriety of
conditional certification."  Youngblood v. Family Dollar Stores,
Inc., Nos. 09cv3176 et al., 2011 WL 1742109, at *3 (S.D.N.Y.
January 05, 2011) (quoting Whitehorn v. Wolfgang's Steakhouse,
Inc., No. 09cv1148, 2010 WL 2362981, at *2 n.2 (S.D.N.Y. June
14, 2010).

    In this case, the plaintiff has a good faith need for the
putative class list to enable her to define the class and
identify similarly situated employees, and there are no
legitimate grounds to limit the requests at issue.  The
defendants' contention that pre-certification discovery should
be confined only to servers employed at the Milford restaurant
is not persuasive.  The record suggests that both servers and
bartenders at several of the restaurants were subjected to the
alleged practices, and discovery to ascertain whether the

4

plaintiff and these employees were similarly situated is
appropriate.  See Hendricks v. J.P. Morgan Chase Bank, N.A., 263
F.R.D. 78, 83 (D. Conn. 2009) (for FLSA certification,
"plaintiffs need show only that their job positions are similar,
not identical, to the positions held by the putative class
members" (internal quotation marks omitted)).  As for the
defendants' privacy argument, discovery of names, addresses and
e-mail is not extraordinarily invasive of the employees' privacy
and any such burden does not outweigh the likely benefit.  See,
e.g., Whitehorn v. Wolfgang's Steakhouse, Inc., No. 09cv1148,
2010 WL 2362981, at *3 (in FLSA and Rule 23 action, pre-
certification disclosure of employee names, addresses, phone
numbers and job positions did not implicate the sort of privacy
interests associated with medical records or personal
histories).

     For these reasons, the plaintiff's Motion to Compel is
granted.  The defendants shall respond to the plaintiff's
interrogatories #3 and #4.  (See Pl.'s Mem., Ex. A at 9-10.)

     SO ORDERED at Hartford, Connecticut this 20th day of March,
2012.

                    _____/s/_____
                    Donna F. Martinez
                    United States Magistrate Judge