UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
--------------------------------x
JENNIFER ALLARD,                 :
Individually and on behalf of    :
other similarly situated         :
individuals,                     :
                                 :
          Plaintiff,             :
                                 :
v.                               :   Civ. No. 3:11-cv-00901(AWT)
                                 :
POST ROAD ENTERTAINMENT, PRE     :
PARTNERS, LLC, TODD KOSAKOWSKI   :
and ALBERT SILVERMAN,            :
                                 :
          Defendants.            :
                                 :
--------------------------------x
```

## RULING ON MOTION TO DISMISS

The plaintiff, Jennifer Allard ("Allard"), filed this action on June 3, 2011, against defendants Post Road Entertainment, PRE Partners, LLC, Todd Kosakowski and Albert Silverman, asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-68 et seq. Specifically, Allard alleges that the defendants "fail[ed] to pay compensation for all hours worked" to Allard and similarly situated employees of seven Black Bear Saloon restaurants in violation of federal and state labor laws. (Compl. (Doc. No. 1) ¶ 1).

The defendants have moved to dismiss the complaint for lack of subject matter jurisdiction. For the reasons set forth below, the motion is being granted.

1

I.    **PROCEDURAL BACKGROUND**

Allard asserts six counts against the defendants.  Counts One and Two are individual claims by Allard for violation of the FLSA and the CMWA, respectively.  Count Three is a FLSA collective action claim brought on behalf of Allard and a class consisting of current and former employees of the defendants who were employed as servers at any of the defendants' Black Bear Saloon restaurants after June 3, 2008.  Count Four is a FLSA collective action claim brought on behalf of Allard and a class consisting of current and former employees of the defendants who were employed as bartenders at any of the defendants' Black Bear Saloon restaurants after June 3, 2008.  Count Five is a CMWA class action claim brought on behalf of Allard and a class consisting of current and former employees of the defendants who were employed as severs at any of the defendants' Black Bear Saloon restaurants in Connecticut after June 3, 2008.  Count Six is a CMWA class action claim brought on behalf of Allard and a class consisting of current and former employees of the defendants who were employed as bartenders at any of the defendants' Black Bear Saloon restaurants in Connecticut after June 3, 2008.

On June 28, 2011, the defendants served the plaintiff with an offer of judgment pursuant to Fed. R. Civ. P. 68.  The defendants contend and the plaintiff does not dispute that the

2

offer of judgment provided the plaintiff with more than the maximum relief to which she might be entitled under the FLSA and CMWA, including her claim for unpaid wages, liquidated damages, interest, attorney's fees and costs.  The plaintiff did not accept the offer.  On July 19, 2011, the defendants filed the instant motion to dismiss for lack of subject-matter jurisdiction.

On November 9, 2011, Scott Sallerson ("Sallerson") filed a signed form consenting to be a party plaintiff.  Two days later, Sallerson withdrew from this action.

On December 1, 2011, Kevin Anderson ("Anderson") filed a signed form consenting to be a party plaintiff.  On December 20, 2011, Anderson was served with an offer of judgment which he accepted.  On February 7, 2012, the court approved a stipulation of settlement between Anderson and the defendants.

On March 13, 2012, Paul Wool ("Wool") filed a signed form consenting to be a party plaintiff.  On March 26, 2012, Wool was served with an offer of judgment which he accepted.  The court approved a stipulation of settlement between Wool and the defendants today.

Allard is the only plaintiff in this case.  She has not filed a motion for class certification.

## II.  LEGAL STANDARD

A case is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.  See Morrison v. Nat'l Austrl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008).  In assessing a motion to dismiss for lack of subject matter jurisdiction, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000).  The court, however, refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (quoting Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998)).

"On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint." Chabad Lubavitch v. Borough of Litchfield, 796 F. Supp. 2d 333, 337 (D. Conn. 2011) (citing Morrison, 547 F.3d at 170).  A district court evaluating a Rule 12(b)(1) motion "may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, . . . ." Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

4

## III. DISCUSSION

### A.    Count One (Individual FLSA Claim)

Count One is brought on behalf of Allard in her individual capacity and alleges willful violation of the FLSA.  Allard alleges that "[d]efendants' failure to pay Allard for all hours worked, . . . was a wilful violation of the FLSA, in that Defendants knew or should have known that she was entitled to be paid for all hours worked at the full fair minimum wage but failed to do so."  (Compl. ¶ 55).  Moreover, Allard claims that "[t]his violation entitles Allard to compensation at the full fair minimum wage for all hours worked, liquidated damages, attorneys' fees and court costs."  (Id.).

The defendants contend that Count One should be dismissed because the offer of judgment renders this claim moot under Fed. R. Civ. P. 68 and the offer-of-judgment rule.  The court agrees.

"A case is moot, and accordingly the federal courts have no jurisdiction over the litigation, when 'the parties lack a legally cognizable interest in the outcome.'"  Fox v. Bd. of Trs. of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994) (quoting Cnty. of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).  "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them."  North Carolina v. Rice, 404 U.S. 244, 246 (1971).

"When a defendant offers the maximum recovery available to a

5

plaintiff, the Second Circuit has held that the case is moot and 'there is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied.'" <u>Ward v. Bank of New York</u>, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006) (quoting <u>Abrams v. Interco Inc.</u>, 719 F.2d 23, 32 (2d Cir. 1983). This principle is known as the "offer-of-judgment rule," as are any of the many statutes codifying this principle. The governing offer-of-judgment rule in this case is Fed. R. Civ. P. 68.

Rule 68 provides as follows:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).

The Supreme Court has noted that "[t]he plain purpose of Rule 68 is to encourage settlement and avoid litigation. . . . The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." <u>Marek v. Chesny</u>, 473 U.S. 1, 5 (1985).

In this case, the defendants served the plaintiff with an offer of judgment pursuant to Rule 68. The defendants contend

and the plaintiff does not dispute that the offer of judgment provided Allard with more than the maximum relief to which she might be entitled under the FLSA and CMWA, including her claim for unpaid wages, liquidated damages, interest, attorney's fees and costs.

Accordingly, the Rule 68 offer-of-judgment rule moots Allard's individual FLSA claim and requires dismissal of Count One.

## B.   Counts Three and Four (Collective Action Claims under 29 U.S.C. § 216(b))

The plaintiff also brings collective action claims under 29 U.S.C. § 216(b) alleging violation of the FLSA.  The plaintiff brings Count Three on behalf of a class of servers, and Count Four on behalf of a class of bartenders, who worked at any of the defendants' seven Black Bear Saloon restaurants.

An action under 29 U.S.C. § 216(b) "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  The FLSA states that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  Id.  "Consequently, even if the section 216(b) plaintiff can demonstrate that there are other plaintiffs

7

'similarly situated' to him, he has no right to represent them
absent their consent by an opt-in."  Vogel v. Am. Kiosk Mgmt.,
371 F. Supp. 2d 122, 128 (D. Conn. 2005).

In Vogel, the plaintiff sued her employer individually and
as representative of putative federal and state classes, alleging
failure to pay overtime wages and asserting claims under the FLSA
and Connecticut state law.  The court distinguished the concerns
about the applicability of Rule 68's offer-of-judgment rule to
Rule 23 class actions from the considerations relevant to
collective action claims under the FLSA:

> Federal courts differ in opinion on whether
> the offer of judgment rule should apply to
> class actions, which require judicial approval
> of a settlement.  Offers to provide full
> relief to the representative plaintiff who
> wishes to pursue a class action must be
> treated specially under the law, lest
> defendants find an easy way to defeat class
> relief.  Therefore, policy and practicality
> considerations render the application of the
> offer of judgment rule to class actions under
> Fed. R. Civ. P. 23 questionable.  Allowing
> Rule 68 judgment offers to apply to class
> representatives could have the undesirable
> effect of allowing a defendant to "pick off" a
> representative plaintiff by way of the offer,
> which would undercut the viability of the
> class action procedure and frustrate the
> objectives of this procedural mechanism for
> aggregating small claims.

Id. at 126-27 (citations omitted).  The court, however, reasoned
that "actions such as those pursuant to section 216(b) of the
FLSA are not subject to Rule 23 requirements and principles."

<u>Id.</u> at 127.   <u>See also</u> <u>Hoffmann v. Sbarro, Inc.</u>, 982 F. Supp. 249, 263 (S.D.N.Y. 1997) ("[T]he prevailing view among federal courts, including courts in this Circuit, is that § 216(b) collective actions are <u>not</u> subject to Rule 23's strict requirements, particularly at the notice stage.").   The court noted "a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b)." <u>Vogel</u>, 371 F. Supp. 2d at 127 (citing <u>LaChapelle v. Owens-Illinois, Inc.</u>, 513 F.2d 286, 288 (5th Cir. 1975)).   In particular,

> [i]n a Rule 23 proceeding a class action is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit.   Under § 16(b) of FLSA, on the other hand, no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent.   Thus, unlike Rule 23 class actions, plaintiffs in a collective FLSA action must "opt in" in order to be bound by any judgment or result. Therefore, the Rule 23 policy considerations do not apply to collective actions, as the named plaintiff in a section 216(b) action under the FLSA has no procedural right to represent other plaintiffs.

<u>Id.</u> (citations omitted).

The court held,

> Therefore, without the inclusion of other active plaintiffs who have "opted-in" to the suit, the section 216(b) plaintiff simply

9

presents only her claim on the merits, . . . .
Thus, the general application of Rule 68
Offers of Judgment applies such that
settlement of a plaintiff's claims moots an
action. Furthermore, if the offer of judgment
sufficiently covers all damages claimed by
named plaintiff, plus costs and attorney's
fees, it may moot the plaintiff's action, even
if the plaintiff/offeree declines to accept
the offer.

Id. at 128 (citations omitted).  See also Rand v. Monsanto Co.,

926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to

satisfy the plaintiff's entire demand, there is no dispute over

which to litigate, . . . and a plaintiff who refuses to

acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1),

because he has no remaining stake.") (citation omitted); Abrams

v. Interco Inc., 719 F.2d 23 (2d Cir. 1983) (holding that an

offer of judgment in an amount far larger than the plaintiffs

could possibly obtain at trial was sufficient to require

dismissal after the district court had properly refused to permit

the action to proceed as a class action).

Courts have recognized that in some instances a motion to

dismiss on mootness grounds should not be granted in an FLSA

colective action:

Courts have, however, denied a defendant's
motion to dismiss on mootness grounds where
the plaintiff potentially could recover more
than the relief offered by defendant, such as
where the offer is not comprehensive, or where
the amount due to plaintiff is disputed.
Reyes v. Carnival Corp., No. 04-21861-CIV,

2005 WL 4891058, at *3, 2005 U.S. Dist. LEXIS
11948, at *8 (S.D.Fla. May 25, 2005) ("[T]here
is no basis ... to conclude that the offer of
judgment is definitively for more than the
Plaintiff could recover at trial."); Raney v.
Young & Brooks, No. Civ. A H-05-0410 (SL),
2005 WL 1249265, at *2 (S.D.Tex. Apr. 26,
2005) ("Defendants' offer does not include
costs or attorneys' fees."); Reed v. TJX Cos.,
No. 04 C 1247(DHC), 2004 WL 2415055, at *2
(N.D.Ill. Oct. 27, 2004) ("In the case at bar
... the court cannot determine that
[defendant's] offer fully compensates
plaintiff for his damages."); see also
Sibersky, 242 F.Supp.2d at 278; Lovelace, 2001
WL 984686, at *3; Hennessey v. Conn. Valley
Fitness Ctrs., Inc., No. CV980504488S, 2001 WL
1199840 (Conn.Super.Sept.12, 2001) ("[T]his
court finds that the offer of judgment failed
to provide complete relief and did not moot
[plaintiff's] claim.").  Courts also have
refused to allow Rule 68 offers of judgment to
moot actions where additional plaintiffs have
opted in to the FLSA collective action, but
have not been made offers of judgment by
defendant. E.g., Reyes, 2005 WL 4891058, at
*3, 2005 U.S. Dist. LEXIS 11948, at *8 ("[T]wo
other persons ... have opted in to this suit,
and [defendant] has not made offers of
judgment to them."); Reed, 2004 WL 2415055, at
*2 (refusing to dismiss where "[plaintiff] has
identified two similarly situated individuals
who have filed written consents with this
court to join this lawsuit").  Furthermore,
courts are wary of attempts by defendants to
evade FLSA collective actions by making Rule
68 offers of judgment "at the earliest
possible time." E.g., Reyes, 2005 WL 4891058,
at *4, 2005 U.S. Dist. LEXIS 11948, at *10-11
(finding that such a strategy "defeats the
collective action mechanism"); Reed, 2004 WL
4891058, at *3 ("Of particular concern in this
case is the ability of defendant purposefully
to moot the class action complaint between the
time of filing and class notification or
certification").

Ward v. Bank of New York, 455 F. Supp. 2d 262, 267-68 (S.D.N.Y.

11

2006).

In this case, only two other individuals, Anderson and Wool, consented to be a party plaintiff in the nine months since this case was filed, and those individuals settled with the defendants.  A third individual opted in and then immediately withdrew.  Thus although the Rule 68 offer of judgment was made early in the case, other individuals have had sufficient time to opt-in if they had any interest in doing so.  None of the other concerns, mentioned in <u>Ward</u>, that have led courts to decline to grant a motion to dismiss on mootness grounds are implicated here.  Allard remains the only plaintiff in this case, and "without the inclusion of other active plaintiffs who have 'opted-in' to the suit, the section 216(b) plaintiff simply presents only her claim on the merits, . . . ."  <u>Vogel</u>, 371 F. Supp. 2d at 128.  Because the defendants' Rule 68 offer of judgment renders Allard's individual FLSA claim moot, and no other individual has opted in to the case, Allard has no procedural right to represent any other parties.  Therefore, Allard's collective action claims under the FLSA should be dismissed.

### C.   Counts Two, Five and Six (Individual and Class Action Claims under the CMWA)

Allard brings individual and class action claims against the defendants under Connecticut law, alleging that the defendants failed to pay Allard and putative class members for all hours

worked in violation of the CMWA.  Allard alleges that the court
has jurisdiction over these claims pursuant to 28 U.S.C.
§ 1367(a).

   The defendants contend that the Rule 68 offer of judgment
moots Allard's CMWA claims, and, alternatively, that the court
should decline to exercise supplemental jurisdiction.  In light
of the fact that allowing Rule 68 offers of judgment to apply to
class representatives in Rule 23 class actions could have the
undesirable effect of allowing a defendant to "pick off" a
representative plaintiff by way of the offer, the court concludes
that, having dismissed all of the federal law claims, it is more
appropriate to decline to exercise supplemental jurisdiction over
her state-law claims.  Under  28 U.S.C. § 1367(c)(3), "[t]he
district court may decline to exercise supplemental jurisdiction
over a claim under subsection (a) if . . .  the district court
has dismissed all claims over which it has original
jurisdiction."  28 U.S.C. § 1367(c).  When federal claims are
dismissed before trial, the basis for retaining jurisdiction is
weak.  See Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d
Cir. 2003) ("[I]n the usual case in which all federal-law claims
are eliminated before trial, the balance of factors to be
considered under the pendent jurisdiction doctrine--judicial
economy, convenience, fairness, and comity--will point toward
declining to exercise jurisdiction over the remaining state-law

claims.") (quoting <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n. 7 (1988)).

Therefore, the plaintiff's individual and class action claims under the CMWA are being dismissed as the court declines to exercise supplemental jurisdiciton over them.

**IV.   CONCLUSION**

For the foregoing reasons, the defendants' Motion To Dismiss (Doc. No. 12) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

Dated this 30th day of March 2012 at Hartford, Connecticut.

_____/s/_____
Alvin W. Thompson
United States District Judge

14